IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FULLER, | ) | CASE NO. 1:06 CV 3101 |
| | ) | |
| Movant, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* motion of James Fuller under 28 U.S.C. § 2255

to set aside, vacate, or correct his sentence.[2]  Fuller, who is presently incarcerated at the

Federal Low Security Correctional Institution at Butler, North Carolina,[3] also seeks

appointment of counsel, an evidentiary hearing on his claims, "just compensation," and

release on bond pending adjudication of this motion.[4]

The Government, noting that Fuller's conviction became final with the denial of his

petition for a writ of certiorari on March 24, 2004,[5] argues that this motion, which was filed

---

[1] ECF # 2.

[2] ECF # 1.

[3] *Id*. at 1.  Fuller did not paginate his motion.  The page numbers here have been
ascertained by the Magistrate Judge and are given here as a convenience for the District
Judge.

[4] *Id*. at 8-9.

[5] ECF # 4 at 4 (citing *Fuller v. United* States, 541 U.S. 968 (2004)).

December 26, 2006,[6] should be dismissed as untimely.[7] Alternatively, the Government

contends that the motion should be denied as without merit or dismissed as not stating a

cognizable claim for relief.[8]

Fuller has filed a brief reply to the Government's response, simply rearguing one of

his claims on the merits.[9] For the reasons that follow, I recommend dismissing this motion

as untimely.

### Facts

**A.      Trial, conviction, and direct appeal**

Fuller was convicted at a jury trial in 2001 at which he represented himself on various

counts related to his traveling from Georgia to Cleveland for a pre-arranged sexual encounter

with a person he believed to be a minor female, but who was actually an undercover FBI

agent.[10]   In addition to arresting Fuller at the rendezvous location in the Cleveland

Metroparks he had designated by phone and on-line messages with the person he believed

to be a 13-year old girl, the Government, among other things, seized Fuller's laptop

computer, which he had brought with him from Georgia, that contained images of children

---

[6] ECF # 1.

[7] ECF # 4 at 1.

[8] *Id.*

[9] ECF # 6.

[10] The complete record is at Case No. 1:00-cr-340 (N.D. Ohio).

engaged in explicit sexual conduct.[11]   After his conviction, Fuller was sentenced to

135 months in prison, to be followed by a two-year term of supervised release.[12]

Fuller, now represented by Federal Public Defender Dennis Terez, appealed his

conviction and sentence to the Sixth Circuit Court of Appeals, which affirmed Fuller's

conviction.[13] Acting for Fuller, Attorney Terez thereupon sought a writ of certiorari from the

Supreme Court.  That motion was denied on March 29, 2004.[14]

**B.    The present motion**

As noted, Fuller filed this motion to vacate, set aside, or correct his sentence on

December 28, 2006.  In it, he raises nine grounds for relief:

1.    Ineffective assistance of appellate counsel in both (a) failing to raise the
      issue that Fuller's waiver of counsel at trial was not knowing and
      intelligent, and (b) failing to timely notify Fuller that the petition for
      certiorari had been denied.[15]

2.    The federal trial court lacked jurisdiction.[16]

3.    The failure to produce the minor female at trial violated the
      confrontation clause.[17]

---

[11] *See*, ECF # 4 at 2.

[12] *See*, *id*. at 4.

[13] *United States v. Fuller*, 77 F. App'x 371, 2003 WL 22331999 (6th Cir. Oct. 9, 2003).

[14] *Fuller v. United States*, 541 U.S. 968 (2004).

[15] ECF # 1 at 3-4.

[16] *Id.* at 4.

[17] *Id*.

4.   The government did not prove that the laptop was used in interstate commerce or that images on the laptop traveled in interstate commerce.[18]

5.   Prosecutorial misconduct concerning statements made in closing argument.[19]

6.   Improper jury instructions.[20]

7.   Fuller's request to waive counsel and represent himself at trial was not knowing and voluntary.[21]

8.   Record does not establish that Fuller reviewed the presentence report prior to the imposition of sentence.[22]

9.   The trial court did not conduct a sufficient analysis of the factors, pursuant to *Booker*, prior to imposing sentence.[23]

In addition to asserting these claims, Fuller, as noted, also seeks appointment of counsel, an evidentiary hearing, "just compensation," and release on bail pending adjudication of this motion.[24]

---

[18] *Id*. at 4-5.

[19] *Id*. at 5.

[20] *Id*. at 5-6.

[21] *Id*. at 6-7.

[22] *Id*. at 7-8.

[23] *Id*. at 8.

[24] *Id*. at 8-9.

**C.      The Government's response**

The Government primarily argues that this motion should be dismissed as untimely filed but alternatively states that it can be denied as without merit should the motion be deemed timely filed.[25]

With regard to the motion's timeliness, the Government initially observes that a one-year statute of limitations applies to motions under 28 U.S.C. § 2255.[26] The Government further observes that this one-year period begins to run when the defendant's criminal conviction became final; in this case, with the denial of the writ of certiorari by the United States Supreme Court on March 29, 2004.[27]  Thus, the Government contends, Fuller was required to file this motion on or before March 30, 2005, but actually mailed it on December 14, 2006, or nearly 21 months later.[28]

The Government recognizes that the time limit can be equitably tolled when circumstances beyond the prisoner's control prevented timely filing and when the prisoner has been diligent in pursuing the claim.[29]  However, the Government contends, Fuller is not eligible for equitable tolling in two respects.

---

[25] ECF # 4 at 1.

[26] *Id*. at 7 (quoting 28 U.S.C. § 2255).

[27] *Id*. at 7.

[28] *Id*.

[29] *Id*. at 8 (citations omitted).

First, it references an affidavit from Attorney Terez, attached to the Government's brief,[30] wherein Attorney Terez, who as a Federal Public Defender represented Fuller on appeal, testified that he notified Fuller by mail on April 21, 2004 that the petition for a writ of certiorari had been denied and followed that letter with a telephone call to Fuller the next day with that same information.[31]

Second, the Government notes that even if Fuller could somehow establish that these communications from Attorney Terez did not occur, Fuller would still not be entitled to equitable tolling because the record shows that he did nothing to investigate the status of his appeal or otherwise pursue his claim from March 2004 through December 2006.[32]

Alternatively, the Government maintains that Fuller's nine grounds for relief are without merit.  Essentially, the Government states that, except for the ineffective assistance claim against Attorney Terez, which the Government asserts is without merit,[33] the rest of Fuller's claims here "were already raised and rejected by the Sixth Circuit on direct appeal or are not cognizable under 28 U.S.C. § 2255."[34]

---

[30] ECF # 4, Attachment 1.

[31] ECF # 4 at 8 (citing Terez Affidavit, ECF # 4, Attachment 1).

[32] *Id*. at 9.

[33] *Id*. at 10-11.

[34] *Id*. at1.

Fuller did file a single-page handwritten reply to the Government's response.[35]  In it

he merely alleges initially, without elaborating, that the Government "is placing (sic) fraud

up (sic) the Court with [its] rebuttal (sic)."[36]  He then simply briefly restates one of his nine

claims – that he was denied the right to confront and cross examine any victim in this case.[37]

Significantly, in this reply Fuller does not dispute or address in any way either the

Government's argument generally as to untimeliness or the Terez affidavit in particular that

establishes that Fuller was notified both by mail and by phone of the denial of the certiorari

petition within 30 days of that denial.

Neither party has filed any subsequent materials, and so this matter is now before me

for a report and recommendation.  As will be developed below, I will recommend that this

motion be dismissed as untimely.

## Analysis

**1.     Standard of review – 28 U.S.C. § 2255/timeliness/equitable tolling**

Under 28 U.S.C. § 2255, a prisoner convicted and sentenced in a federal court may

move the court that imposed the sentence to vacate, correct, or set aside that sentence for any

one of the following reasons:  (1) that the sentence violates the Constitution or laws of the

United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the

---

[35] ECF # 6.

[36] *Id.*

[37] *Id.*

sentence was in excess of the maximum allowed by law; or (4) that it is otherwise subject to collateral attack.

Claims under § 2255 are governed by a one-year statute of limitations.[38] As the statute itself provides, that one-year limitations period begins to run from the latest of the following events: (1) the date when the judgement of conviction became final; (2) the date when any impediment to the petitioner seeking relief created by the government was removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been both newly recognized and made retroactive to cases on collateral review; and (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.[39]

The Sixth Circuit, however, has held that the one-year limitations period may be equitably tolled based on consideration of several factors.[40] Moreover, the Sixth Circuit also teaches that the one-year limitations period can also be tolled upon a credible showing of actual innocence, based on the standard articulated in *Schlup v. Delo*;[41] that is, reliable new evidence not available at trial that makes it more likely than not that no reasonable juror

---

[38] 28 U.S.C. § 2255.

[39] *Id.*

[40] *Dunlap v. United States*, 250 F.3d 1001, 1004-08 (6th Cir. 2001).

[41] *Schlup v. Delo*, 513 U.S.298 (1995).

would have found the petitioner guilty beyond a reasonable doubt.[42]  The Sixth Circuit is

clear that actual innocence here means factual innocence, not legal insufficiency.[43]

In *Dunlap*, the Sixth Circuit found that a court reviewing a claim for equitable tolling

should consider the following factors in determining if such tolling is appropriate:

(1)     the petitioner's lack of notice of the filing requirement;

(2)     the petitioner's lack of constructive notice of the filing requirement;

(3)     the petitioner's diligence in pursuing his rights;

(4)     the absence of prejudice to the respondent; and

(5)     the petitioner's reasonableness in remaining ignorant of the legal
        requirements for filing the claim.[44]

Notwithstanding the listing of these factors in *Dunlap,* the Sixth Circuit has also stated

that "these factors 'are not necessarily comprehensive or always relevant; ultimately, every

court must consider an equitable tolling claim on a case-by-case basis.'"[45]  The petitioner has

the burden of proof in demonstrating that he is entitled to equitable tolling.[46]

---

[42] *Souter v. Jone*s, 395 F.3d 577, 590 (6th Cir. 2005) (citing *Schlup*, 513 U.S. at 327).

[43] *Souter*, 395 F.3d at 590 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[44] *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Dunlap*, 230 F.3d at 1008.

[45] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

[46] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

In the end, equitable tolling is to be applied sparingly, and then "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from  circumstances beyond the litigant's control."[47]

**2.     Application of standard – the present motion is untimely, not suited to equitable tolling, and so should be dismissed**

Preliminarily, I note first in addressing the issue of equitable tolling that Fuller had adequate notice that the statute of limitations was an issue in this case.[48] Fuller himself raised the issue in his motion concerning the alleged failure of appellate counsel to timely inform him of the denial of the petition for certiorari, and the Government explicitly raised the claim of untimeliness in its answer prior to Fuller's filing of his traverse.

I note next that Fuller's motion is conceded to be untimely.  Fuller filed this motion nearly 21 months after the United States Supreme Court denied his motion for a writ of certiorari on March 29, 2004 – the date his conviction became final and the one-year limitations period commenced.  Thus, I recommend finding initially that this motion was filed beyond the one-year limitations period.

Fuller himself recognizes that, absent equitable tolling, his current motion is liable to dismissal as untimely.  As detailed above, he asserts, without any proof, a single basis by which equitable tolling could be established:  that his motion is beyond the one-year period because his appointed appellate counsel, Dennis Terez, did not notify him that the motion for certiorari was denied.

---

[47] *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

[48] *See*, *Day v. McDonough*, 547 U.S. 198, 210-11 (2006).

-10-

In that regard, I note first that, while appellate counsel is obligated to timely inform a client as to the termination of the appeal,[49] as the district court observed in *Beltran-Sosa v. United States*,[50] "there is no duty incumbent on ... defense counsel to advise a criminal defendant of the limitations period for filing a § 2255 motion."[51]  Thus, the first issue here is whether, as Fuller contends, his appellate counsel failed to inform him in a timely fashion that his petition for certiorari was denied.

As the Government observes, Fuller's mere, unsupported allegation against Attorney Terez is directly contradicted in this record by a sworn affidavit from Terez stating under oath that he contacted Fuller about the denial of the certiorari petition twice within a month of that event – both by mail and telephonically.  Although it is Fuller who bears the burden of proving that he is entitled to equitable tolling, it is also Fuller who has produced no evidence contrary to the Terez affidavit.  In fact, I note that Fuller's traverse – which was filed after the Terez affidavit was submitted by the Government – does not mention that affidavit or even restate the original allegation.

As such, I recommend finding that because Fuller has presented no evidence to counter the sworn affidavit in this record from his appointed appellate counsel that shows that Fuller was informed of the denial of the petition for certiorari in a timely fashion well

---

[49] *See*, *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426, 434 (6th Cir. 2006).

[50] *Beltran-Sosa v. United States*, Case No. 3:05-cv-P749-S, 2007 WL 854810 (W.D. Ky. March 15, 2007).

[51] *Id.*, at *3.

-11-

before the expiration of the one-year limitations period, the uncontested evidence in the record is that Fuller did know in a timely fashion that his petition for certiorari was denied.

In this situation, Fuller is left with the bare assertion that he is entitled to equitable tolling simply on the basis that the passage of nearly one year with no inquiries to anyone after the expiration of the limitations period is consistent with a reasonable person acting with due diligence.

In that regard, I note first, as stated in *Munnerlyn v. United States*,[52] that on this record "there is no reason to conclude that petitioner lacked notice or constructive notice of the one-year filing requirement in habeas corpus cases, nor would he have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, particularly since the one-year statute of limitations had long been in effect prior to the petitioner's judgement of conviction.  Further, lack of actual notice, and 'ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing."[53]

In addition, I note that recent decisions of district courts in the Sixth Circuit have found that delays similar to the one here do not qualify the petitioner for equitable tolling,

---

[52] *Munnerlyn v. United States*, No. 2:08-cv-229, 2009 WL 1362387 (S.D. Ohio May 13, 2009).

[53] *Id.*, at 4 (citations omitted).

as they do not show that the petitioner was pursuing his rights with due diligence.[54]

Accordingly, I recommend that equitable tolling not be found to apply here.

## Conclusion

For the foregoing reasons, I recommend that the motion by the Government to dismiss this petition as untimely filed be granted.  If this recommendation is adopted, all of Fuller's other motions and/or requests for relief should be denied as moot.

Dated:   June 18, 2009                                      s/ William H. Baughman, Jr.
                                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[55]

---

[54] *Donawa v. United States*, No. 1:06-cv-518, 2007 WL 1063571, at *4 (W.D. Mich. April 9, 2007) (filing § 2255 11 months late allegedly due to failure of appellate counsel to file an appeal does not show diligence); *Beltran-Sosa*, 2007 WL 854810, at *4 (petitioner's "failure to monitor his case" while one-year limitations period elapsed does not support equitable tolling); *see also*, *Fitts v. Eberlin*, No. 5:08-cv-660, 2009 WL 1047052, at *6 (N.D. Ohio April 17, 2009) (where record shows "no justification" for waiting "more than a year" after expiration of limitations period before taking action, equitable tolling not applicable) (case arising under analogous 28 U.S.C. § 2254).

[55] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).