UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
JAMES FULLER                                :
                                            :     CASE NO. 1:06-CV-3101
          Petitioner,                       :
                                            :
vs.                                         :     OPINION & ORDER
                                            :     [Resolving Doc. Nos. 1, 8.]
UNITED STATES OF AMERICA                    :
                                            :
          Respondent.                       :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 28, 2006, Petitioner James Fuller filed a petition to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1.] Fuller also sought appointment of counsel, an evidentiary hearing on his claims, "just compensation," and release on bond pending the adjudication of his § 2255 petition. [*Id.*]

In support of the § 2255 petition, Fuller set forth the following nine ground for relief: (1) ineffective assistance of appellate counsel in both (a) failing to raise the issue that Fuller's waiver of counsel at trial was not knowing and intelligent, and (b) failing to timely notify Fuller that the petition for certiorari had been denied; (2) lack of jurisdiction by the federal trial court; (3) the failure to produce the minor female at trial violated the Confrontation Clause; (4) the government did not prove that the laptop was used in interstate commerce or that images on the laptop traveled in interstate commerce; (5) prosecutorial misconduct concerning statements made in closing argument; (6) improper jury instructions; (7) Fuller's request to waive counsel and represent himself at trial was

Case No. 1:06-CV-3101
Gwin, J.

not knowing and voluntary; (8) the record does not establish that Fuller reviewed the presentence report prior to the imposition of sentence; and (9) the trial court did not conduct a sufficient analysis of the factors, pursuant to *Booker*, prior to imposing sentence. [*Id.* at 3-8.] The Government opposed Fuller's petition, arguing that it was untimely and without merit. [Doc. 4.]

On June 18, 2009, Magistrate Judge William H. Baughman, Jr. issued a Report and Recommendation that recommended the Court dismiss Petitioner Fuller's § 2255 petition as untimely, thereby rendering Fuller's other motions and requests moot. [Doc. 8.] The Magistrate Judge found that Fuller filed his § 2255 petition nearly 21 months after the 1-year statute of limitations imposed on such petitions had expired and that equitable tolling did not apply in this case because Fuller's counsel timely informed Fuller that his petition for certiorari had been denied (thereby commencing the 1-year limitations period) and Fuller did not demonstrate that he had been diligently pursuing his rights. [*Id.* at 10-13.] Neither party objected to the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** Magistrate Judge Baughman, Jr.'s Report and Recommendation.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within ten days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the Magistrate's report without review. *See Thomas*, 474 U.S. at 149. Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions

-2-

-3-

Case No. 1:06-CV-3101
Gwin, J.

of the Magistrate Judge.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge William H. Baughman, Jr.'s findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DISMISSES** Petitioner Fuller's § 2255 petition as untimely, rendering moot Fuller's other motions and requests. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: July 7, 2009                    s/    *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE